# EXHIBIT A



CIRCUIT COURT FOR BALTIMORE COUNTY
MARYLAND
401 Bosley Avenue, P.O. Box 6754
Towson, MD  21285-6754

**To:** WALMART INC.
SERVE ON:  RESIDENT AGENT:
THE CORPORATION TRUST, INC.
2405 YORK ROAD, SUITE 201
LUTHERVILLE-TIMONIUM, MD 21093

|  |  |
|---|---|
| Case Number: | C-03-CV-22-000671 |
| Other Reference Number(s): |  |
| Child Support Enforcement Number: |  |

AMETHYST CALDWELL VS. WALMART INC.

Issue Date: 5/31/2022

# WRIT OF SUMMONS

   You are hereby summoned to file a written response by pleading or motion, within 30 days after service of this summons upon you, in this court, to the attached complaint filed by:

   AMETHYST K. CALDWELL
   56 King Henry Circle
   Baltimore, MD  21237

   This summons is effective for service only if served within 60 days after the date it is issued.

*Julie L. Ensor*

Julie L. Ensor
Clerk of the Circuit Court

To the person summoned:
   Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
   Personal attendance in court on the day named is NOT required.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

Amethyst Caldwell vs. Walmart Inc.

Circuit Court for Baltimore County
Case Number: C-03-CV-22-000671

# SHERIFF'S RETURN
(please print)

To: WALMART INC.

_____  ID# _____  of the  _____
Serving Sheriff's Name

County Sheriff's office present to the court that I:

(1) Served _____
Name of person served

on _____ at _____
Date of service                                       Location of service

_____ by _____ with the following:
Manner of service

- ☐ Summons
- ☐ Complaint
- ☐ Motions
- ☐ Petition and Show Cause Order
- ☐ Other _____
  Please specify

- ☐ Counter-Complaint
- ☐ Domestic Case Information Report
- ☐ Financial Statement
- ☐ Interrogatories

(2) Was unable to serve because:
- ☐ Moved left no forwarding address
- ☐ Address not in jurisdiction
- ☐ No such address
- ☐ Other _____
  Please specify

Sheriff fee: $ _____  ☐ waived by _____

_____     _____
Date                    Signature of serving Sheriff

Instructions to Sheriff's Office or Private Process Server:
1. This Summons is effective for service only if served within 60 days after the date issued. If it is not served within 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

## IN THE CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| AMETHYST K. CALDWELL | * | |
| 56 King Henry Circle | | |
| Baltimore, Maryland 21237 | * | |
| | | |
| Plaintiff | * | |
| v. | | |
| | * | C-03-CV-22-000671 |
| WALMART INC. | | Case No.: |
| 701 South Walton Blvd. | * | |
| Bentonville, Arkansas 72716 | | |
| | * | |
| **SERVE ON:** | | |
| Resident Agent: | * | |
| The Corporation Trust, Inc. | | |
| 2405 York Road, Suite 201 | * | |
| Lutherville-Timonium, Maryland 21093 | | |
| | * | |
| Defendant | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff Amethyst K. Caldwell, by her attorneys Timothy M. Gunning, John M. McGraw and Wyatt & Gunning LLC, hereby sues the Defendant Walmart Inc. ("Defendant Walmart"), on the grounds and in the amounts set forth below:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Amethyst K. Caldwell (hereinafter "Plaintiff") is a resident of Baltimore County, Maryland.

2. Defendant Walmart is a Delaware corporation, with its principal offices located in Bentonville, Arkansas, duly registered and in good standing to do business in Maryland.

3. Defendant Walmart operates numerous for-profit big box brick and mortar retail stores throughout Maryland, including at least three in Baltimore County.

4. The incident at issue in this case occurred in Baltimore County, Maryland.

5. Jurisdiction in this Court is proper under Courts & Judicial Proceedings Article §6-102 and §6-103, Annotated Code of Maryland.

6. Venue in this Court is proper under Courts & Judicial Proceedings Article §6-201 and §6-202, Annotated Code of Maryland.

**FACTS COMMON TO ALL COUNTS**

7. Plaintiff incorporates all preceding allegations of this Complaint as if set forth fully herein.

8. On February 25, 2019, Plaintiff was shopping at the Walmart store located at 6420 Petrie Way, White Marsh, Maryland 21237 (also referred to as Walmart Supercenter #3489, hereinafter "The Walmart Store").

9. At the aforementioned time and place, Plaintiff was walking through the designated customer and public areas inside The Walmart Store, during normal business hours.

10. At the aforementioned time and place, an employee and/or agent of Defendant Walmart was inside The Walmart Store in the same area where Plaintiff was, moving certain pallets used to transport retail merchandise for sale within The Walmart Store.

11. The Defendant's employee and/or agent was using a heavy industrial piece of equipment, such as a fork-lift or pallet jack device designed for interior use, to move large quantities of the above-described pallets.

12. At the aforementioned time and place, the Defendant's employee and/or agent carelessly, recklessly and negligently caused said piece of heavy equipment to collide with a stack of boxes containing sixty-five inch (65") big screen television sets. The force of the collision knocked over the stack of big screen television set boxes, causing the stack of big boxes to fall over toward Plaintiff.

13. In an effort to protect herself, Plaintiff held her hand out in an attempt to stop the falling big screen television boxes from crashing into her.

14. Despite Plaintiff's aforementioned efforts to protect herself, the falling heavy television set boxes fell into the Plaintiff, injuring her finger and hand in the process.

15. As a result of the heavy sixty-five inch (65") television set boxes falling into Plaintiff as described above, Plaintiff felt immediate pain in her dominant right hand and finger.

16. As a direct and proximate result of the heavy television set boxes crashing into Plaintiff, Plaintiff suffered serious and permanent injuries and damages, described below.

17. At all times relevant to this Complaint, Defendant Walmart, as the owner, lessor, possessor, operator and/or manager of The Walmart Store where Plaintiff was injured as described above, owed Plaintiff a duty to use reasonable care to maintain and operate The Walmart Store safely, and to protect her against any and all unreasonable risks, which she, by exercising ordinary care, could not discover.

18. Defendant Walmart's employee and/or agent committed within the scope of her employment and/or agency for Defendant Walmart the aforementioned negligent acts or omissions concerning her operation of the fork-lift or pallet jack device, as described above, and Defendant Walmart is therefore liable to the Plaintiff for the resulting injuries and damages she suffered.

## COUNT I – NEGLIGENCE

19. Plaintiff incorporates all preceding allegations of this Complaint as if set forth fully herein.

20. At all times relevant to this case, Defendant Walmart owned, leased, possessed, maintained, controlled, operated and/or managed The Walmart Store and its business premises where Plaintiff was as a customer of said business.

21. At all times relevant to this case, Defendant Walmart had control over the retail store and its operation and premises where the above-described incident occurred.

22. At all times relevant to this case, Defendant Walmart planned, organized, placed and maintained the display of its merchandise, including the boxes of big screen television sets that were pushed over into Plaintiff as described above.

23. At all times relevant to this Complaint, the aforementioned employee and/or agent of Defendant Walmart who crashed the fork-lift or pallet jack device into the boxes of big screen television sets that were pushed over into Plaintiff, as described above, was an employee and/or agent, express or implied, of Defendant Walmart, acting within the scope of her employment and/or agency.

24. At all times relevant to this Complaint, Plaintiff was a business invitee of Defendant Walmart for the purpose of shopping for the merchandise for sale to the general public at The Walmart Store.

25. Defendant Walmart had a duty to exercise reasonable care in keeping those areas of its retail store that customers such as Plaintiff used or might use in a safe condition, to operate and maintain in a safe and proper manner the retail store where the above described incident occurred, to supervise, instruct and control its employees and/or agents to never use heavy equipment or move or organize merchandise on display in the public areas of the store in any way that created dangerous or hazardous conditions for its business invitees or members of the general public, to operate equipment and devices in the public areas of The Walmart Store in a

safe, prudent and reasonable manner, and to maintain control of the store premises and business equipment and/or machinery so as to prevent retail merchandise from collapsing or falling into Plaintiff or business invitees or other members of the public.

26. Defendant Walmart had the additional duty to protect Plaintiff and other invitees from all unreasonable risks and unsafe and dangerous conditions it knew or should have known about, including the use and/or improper use of heavy machinery or equipment in the areas of the store where and when Plaintiff or other business invitees or members of the public were or would be shopping, and the display or storage of store merchandise in a manner that exposed Plaintiff or other business invitees or members of the public to unreasonable risks and unsafe and dangerous conditions, and any unreasonable risk of injury, harm and/or damages.

27. Defendant Walmart breached this duty of care by failing to operate the retail store where the above described incident occurred in a safe and proper manner; by operating business equipment in an improper, unsafe, dangerous, reckless and careless manner; by displaying retail merchandise in an improper, unsafe and dangerous manner; by failing to safely secure and control retail merchandise in a manner so as not to collapse or fall into Plaintiff or other members of the public, who were business invitees shopping in an expected fashion; by failing to maintain appropriate clearance in areas where it was operating fork-lift or pallet jack equipment; by failing to appropriately and safely operate its fork-lift or pallet jack equipment; by crashing into the stack of television set boxes as describes herein, by failing to control its fork-lift or pallet jack equipment to avoid collision, by operating its fork-lift or pallet jack equipment at a rate of speed greater than was safe under the conditions at the time, by operating its fork-lift or pallet jack equipment in a reckless, negligent and careless manner, by failing to keep a proper lookout while operating its fork-lift or pallet jack equipment, by failing to pay attention to merchandise and

objects in front of its fork-lift or pallet jack equipment, by failing to stop before colliding with the stack of television set boxes as described herein, by failing to adequately train or supervise its employee/agent-operator on the use of fork-lift or pallet jack equipment; by failing to prevent heavy merchandise from falling into the Plaintiff; by failing to warn Plaintiff that Defendant's use of the fork-lift or pallet jack equipment could cause injury or risk of injury to occur; by allowing Plaintiff and others into the retail store areas where the use of the fork-lift or pallet equipment was ongoing; by allowing Plaintiff and others into the retail store where the heavy merchandise was being moved; by failing to use reasonable care to prevent heavy merchandise from falling into Plaintiff; by recklessly and negligently failing to prevent said heavy television sets from falling into Plaintiff, by disregarding the safety and well-being of Plaintiff and others; and by failing to exercise the degree of care required under the circumstances.

28. As a direct and proximate result of Defendant Walmart failing to exercise reasonable care, failing to exercise the degree of care required under the circumstances, failing to warn, failing to prevent the harm caused by said heavy merchandise falling into Plaintiff, failing to protect Plaintiff from the unsafe and improper use of Defendant's business equipment, failing to keep the premises where Plaintiff was an invitee safe, and the other breaches as described above, Plaintiff sustained and suffered serious temporary and permanent injuries to her hand and finger and has incurred substantial and legally compensable damages, including temporary and permanent bodily injury, scarring, loss of use, reduced use and limitation, pain and suffering, inconvenience, loss of enjoyment of life, embarrassment, emotional anguish and distress, past and future costs of medical treatment and physical therapy, and other economic and non-economic losses and damages.

29. All such injuries and damages were caused solely by the negligence of Defendant Walmart, without any negligence on the part of Plaintiff or anyone else contributing thereto.

WHEREFORE, Plaintiff Amethyst K. Caldwell demands judgment against Defendant Walmart Inc. in an amount that exceeds Seventy Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs, and any other relief to which the Court finds she is entitled.

## DEMAND FOR JURY TRIAL

Plaintiff Amethyst K. Caldwell respectfully demands that this action be tried before a jury.

Respectfully submitted,

/s/ *Timothy M. Gunning*
Timothy M. Gunning
AIS No: 9012180278
John M. McGraw
AIS No: 0312170040
Wyatt & Gunning LLC
100 W. Pennsylvania Avenue, Suite 10
Towson, Maryland 21204
410-296-5960
Fax 410-296-3443
tgunning@wyattgunning.com

Attorneys for Plaintiff Amethyst K. Caldwell

**CERTIFICATE OF COMPLIANCE WITH RULE 20-201(h)**

I hereby certify, pursuant to Maryland Rule 20-201(h), that this submission does not contain "restricted information" as defined in Rule 20-101(r).

/s/ *Timothy M. Gunning*
Timothy M. Gunning
